# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MUHAMMAD JAMIL, et al.,<br>    Plaintiff(s),<br>v.<br>RAISER, LLC,<br>    Defendant(s). | Case No. 2:24-cv-01201-GMN-NJK<br>**Scheduling Order**<br>[Docket No. 9] |

Pending before the Court is a joint discovery plan, Docket No. 9, which is **DENIED**.

There is a lot wrong with this filing. The Court will begin with the most basic problems. The caption does not include the initials of the assigned judges. *See* Docket No. 9 at 1; *but see* Local Rule IA 10-2. The caption indicates that the discovery plan is both submitted in compliance with the default schedule in the local rules and that it seeks special scheduling review, Docket No. 9 at 1, but that is nonsensical since those are mutually exclusive options, *see* Local Rule 26-1(a). The discovery plan relies throughout on Local Rule "26-1(e)," which does not exist in the current local rules and has not existed for many years. *See, e.g.*, Docket No. 9 at 2. The discovery plan cites to Local Rule "26-4" as governing extension requests, Docket No. 9 at 3, but that provision was moved years ago to Local Rule 26-3. The discovery plan states twice that the parties have conferred about alternative dispute resolution, *see* Docket No. 9 at 4, but fails to certify that the parties conferred about alternative forms of case disposition, such as consent to a magistrate judge, *see* Local Rule 26-1(b)(8).[1]

---

[1] It also appears that attorney David Sexton has failed to keep his CMECF account updated, as he continues to be identified on the docket as working at Fabian VanCott but he has signed the discovery plan as an attorney for Hall & Evans. *See* Docket No. 9 at 5. Attorney Sexton must promptly update his CMECF account as necessary. *See* Local Rule IC 2-1(g).

1

Unfortunately, the substance of the request is also faulty. The presumptively reasonable discovery period is 180 days from a defendant's first appearance. Local Rule 26-1(b)(1). The discovery plan seeks to increase that period by 50% based on the following rationale:

> If the 180-day discovery period is calculated from the date Raiser, Inc. filed its answer, the parties would not have a full discovery period. Further, given the current uncertain status of world events going forward, Plaintiff's counsel has requested an extended discovery period of nine (9) months for the purpose of conducting all discovery with minimal disruption.

Docket No. 9 at 2. The first contention that the parties "would not have a full discovery period" with only 180 days is simply belied by the rules that indicate that a full discovery period in fact does generally consist of 180 days measured from the date the defendant answered or otherwise first appeared. Local Rule 26-1(b)(1). As to the second contention regarding "the current uncertain status of world events going forward," the Court is at a loss at what the parties are referencing and the Court is unaware of world events that may impact the ability to conduct discovery in this case.[2]

The Court makes all of the above clear for a number of reasons. For today's purposes, the parties have not shown that an elongated discovery period is warranted. Perhaps more importantly, however, it appears that counsel are unfamiliar with the practice in this District, have not familiarized themselves with the operative local rules, and/or are not reading the submissions they are filing with the Court. <u>Counsel must immediately familiarize themselves with the local rules and ensure moving forward that they closely review their filings</u>.

The discovery plan is hereby **DENIED**. Deadlines are instead **SET** as follows:

- Initial disclosures:  August 30, 2024
- Amend pleadings/ add parties:  October 31, 2024
- Initial experts:  December 2, 2024
- Rebuttal experts:  December 30, 2024

---

[2] The discovery plan later indicates that extra time is needed because there is more than one plaintiff and the parties expect to retain more than one expert. Docket No. 9 at 5. Neither scenario is unusual and no elaboration is provided as to why those circumstances mean that the parties cannot complete discovery within the presumptively-reasonable timeframe.

2

- Discovery cutoff:  January 29, 2025
- Dispositive motions:  February 28, 2025
- Joint proposed pretrial order:  March 31, 2025, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: August 22, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

3