CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile:  (702) 444-4455
Email: charlie@richardharrislaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MUHAMMAD JAMIL, an individual; VAIBHAV PATEL, an individual; ABDULLAH ALNOMAN, an individual; and, MOHAMMED ALI, an individual<br><br>Plaintiffs,<br>vs.<br><br>RASIER, LLC., a Foreign Limited Liability Corporation; DOE DRIVER; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.:  2:24-CV-01201 -GMN-NJK<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE AND AGREEMENT FOR PRIVATE BINDING ARBITRATION** |

This Stipulation and Order of Dismissal and Agreement for Private and Binding Arbitration (hereinafter "Agreement") is entered into by Plaintiffs, MUHAMMAD JAMIL, VAIBHAV PATEL, ABDULLAH ALNOMAN AND MOHAMMED ALI ("Plaintiffs"), and Defendant RAISER, LLC ("Defendant"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from a May 30, 2022 automobile accident and subsequent claims handling, which culminated in a lawsuit styled *Muhammad Jamil, Vaibhav Patel, Abdullah Alnoman and Mohammed Ali v. Raiser, LLC,* currently pending in the United States District Court, District of Nevada, Case No. 2:24-CV-01201.  Plaintiff is represented by Charles S. Jackson, Esq. of the RICHARD HARRIS LAW FIRM and Defendant is represented by David M. Sexton, Esq. of HALL & EVENS, LLC.

The following terms and conditions of this Agreement will become effective upon the

signature by the Parties and the execution and filing of the same by this Court.

1. To resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to place this matter into private binding arbitration with the Honorable Abbi Silver.

2. For an in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

3. The parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of Plaintiffs' claims against Defendant, which is any way arise out of or relate to the May 30, 2022, accident and any claims handling or claims decision making. This clause and mutual promise are of the essence to this Agreement. The arbitrator's decision and award shall be the sole basis for recovery on these claims and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme Court, or to any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a Motion for Reconsideration or similar or equivalent motion or request to the arbitrator.

5. The arbitrator will _only_ be asked to resolve the issue of Plaintiff's legal entitlement, if any, subject to all terms, conditions, and offsets under the policy of law. In other words, the arbitrator shall determine fault for the accident (and apportion it appropriately if necessary), and the extent of Plaintiffs' damages by placing a fair and equitable total value (which includes medical specials, income loss, and other special damages and general damages) on the Plaintiffs' claims, and the application of any of the policy terms, offsets, conditions and exclusions, if applicable. The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims including but mot limited to, breach of implied covenant of good faith and fair dealing, statutory claims handling violations or liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages, have been and

are expressly waived by Plaintiffs and dismissed with prejudice by this Agreement.

6. The parties will jointly select a single arbitrator to serve as the arbitrator of this case.

7. Plaintiffs, through this Agreement, agree to dismiss the present lawsuit with prejudice that is currently on file in the United Stated District Court, District to Nevada, with each party to bear its own fees and costs.

8. The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and the arbitrator. The Parties shall be allowed to conduct any reasonable discovery permitted under the Nevada Rules of Civil Procedure. The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery. Subpoenas can be issued and enforced pursuant to NRS 38.233.  Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9. The arbitration hearing will be held at a mutually agreed upon date.

10. The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The parties may submit, and the arbitrator may consider written expert reports consistent with the format requirements of Nev. R. Civ. P. 26(a)(2) in lieu of live expert testimony.

12. The arbitrator shall not be permitted to make an award of attorney's fees, legal costs, or interest to any party. An Offer of Judgment will have no effect.

13. Payments of the sum awarded, as limited by the parameters set forth herein, shall be made no later than 20 days after service of the arbitrator's decision.

14. The parties agreed to equally share and pay for the arbitrator's fees and costs.

15. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

///

///

16. The terms and conditions of this Agreement may be modified upon the written and mutual agreement of the parties.

DATED this 29th day of August, 2024.              DATED this 29th day of August, 2024.

**RICHARD HARRIS LAW FIRM**                       **HALL & EVANS, LLC**

/s/ Charles S. Jackson, Esq.                      /s/ Kurt R. Bonds, Esq.
CHARLES S. JACKSON, ESQ.                          Kurt R. Bonds, Esq.
Nevada Bar No. 13158                              Nevada Bar No. 6228
801 S. Fourth St.                                 David M. Sexton, Esq.
Las Vegas, NV 89101                               Nevada Bar No. 14951
*Attorneys for Plaintiff*                         1160 North Town Center Drive, Suite 330
                                                  Las Vegas, NV 89144
                                                  *Attorneys for Defendant Raiser, LLC*

### ORDER

IT IS SO ORDERED.

Dated this __29__ day of August, 2024.

_____
UNITED STATES DISTRICT COURT JUDGE

| | |
|---|---|
| **From:** | Sexton, David M. |
| **To:** | Mary Eagar; Bonds, Kurt R. |
| **Cc:** | Charlie Jackson |
| **Subject:** | RE: Jamil et al v. Raiser, LLC / Case 2:24-cv-01201-GMN-NJK |
| **Date:** | Wednesday, August 28, 2024 4:28:29 PM |
| **Attachments:** | image005.png |
| | image006.png |
| | HELogo-600_1647bba9-82b6-4878-b39e-e05e65e25e7e.png |
| | mansfield-law-firm-participation-badge-3-2024-2025_fd28af08-13d0-496c-88e9-32706709522f.png |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Mary,

Thanks for following up. The SAO is approved. Please use Kurt's e-signature and submit to the Court.

Best,

**David M. Sexton** | Senior Associate

sextond@hallevans.com

Tel: 702-982-6344

**Hall & Evans, LLC**

1160 North Town Center Drive, Suite 330

Las Vegas, NV 89144



AZ | CO | ID | IL | MO | MT | NM | NV | UT | WY

website | bio | LinkedIn



---

**From:** Mary Eagar <mary@richardharrislaw.com>
**Sent:** Wednesday, August 28, 2024 4:22 PM
**To:** Sexton, David M. <sextond@hallevans.com>; Bonds, Kurt R. <bondsk@hallevans.com>
**Cc:** Charlie Jackson <Charlie@richardharrislaw.com>
**Subject:** RE: Jamil et al v. Raiser, LLC / Case 2:24-cv-01201-GMN-NJK

Good afternoon:

Following up on the SAO for Arbitration. Did you have a chance to review it with your client so we can get it filed?

Thanks,

**Mary Eagar**
Paralegal